Mr. Marc D. Parnell, President Arkansas State Board of Optometry 308 N. Jefferson El Dorado, Arkansas 71730
Dear Mr. Parnell:
This is in response to your request, submitted by Board Secretary Howard F. Flippin, for an opinion requesting a clarification of, or an additional opinion in light of Opinion No. 90-288. Specifically your question is as follows:
 Does Arkansas law allow persons who are unlicensed and/or unregistered, but who are employed by licensed Arkansas optometrists or ophthalmologists, to engage in those acts which constitute ophthalmic dispensing in a location other than the office setting of the employing doctor?
It is my opinion that the answer to your question is generally "no," if the acts are not performed in the "office" of an optometrist or a physician skilled in disease of the eye. The determination, however, of whether a particular location is an "office," must be made by a factfinder presented with all the evidence.
Opinion No. 90-288, to which you refer, was issued in response to several questions concerning ophthalmic dispensing. See copy enclosed. The questions presented in that opinion involved "offices" of licensed optometrists and physicians, and acts performed in those offices. It was concluded therein that employees of licensed optometrists or physicians skilled in disease of the eye are not required to be licensed pursuant to the "Ophthalmic Dispensing Act" (A.C.A. § 17-88-101 — 407), and may perform acts which would otherwise constitute "ophthalmic dispensing" as defined at A.C.A. § 17-88-102 (1), if performed "in the office of an Arkansas licensed optometrist or an Arkansas licensed physician skilled in disease of the eye." A.C.A. § 17-88-103(b). (Emphasis added.) This last cited provision is the only provision which exempts these employees from the requirements of the "Ophthalmic Dispensing Law." The language of the statute exempts such conduct only if performed "in the office" of a licensed optometrist, or physician skilled in disease of the eye. It is thus my opinion that these employees must perform acts which would constitute "ophthalmic dispensing" in such an "office."
Whether a particular location constitutes such an "office," however, is a question of fact. The word "office" has been defined as "a place where a particular kind of business is transacted or a service is supplied: as . . . the place in which a professional man (as a physician or lawyer) conducts his professional business." Webster's Seventh New CollegiateDictionary, (1972) at 586. The question of whether a particular location constitutes such an "office" must be determined by a factfinder presented with all the evidence.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh